# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
09/28/2020
CT Log Number 538306430

TO:     Susan Cory
        Potbelly Corporation
        111 North Canal Street, Suite 850
        Chicago, IL 60606

RE:     **Process Served in Ohio**

FOR:    Potbelly Sandwich Works, LLC  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARY E. SINGER, Pltf. vs. POTBELLY SANDWICH WORKS, LLC and JERRY THIBODEAU, Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CV20937464 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Columbus, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/28/2020 postmarked on 09/23/2020 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780117074615 |
| | Image SOP |
| | Email Notification,  Matt Revord  matt.revord@potbelly.com |
| | Email Notification,  Susan Cory  Susan.Cory@potbelly.com |
| | Email Notification,  Angela Claybrooks  angela.claybrooks@potbelly.com |
| | Email Notification,  Cassie Zhang  cassie.zhang@potbelly.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE >> PITNEY BOWES

ZIP 44102
02 4W
0000367348

$ 006.05⁰

SEP. 23. 2020

NAILAH K. BYRD
1200 Ontario
Cleveland, OH 44113

Case# CV20937464

9314 8001 1300 3540 6972 75

POTBELLY SANDWICH WORKS, LLC
C/O CT CORPORATION SYSTEM AGENT
4400 EASTON COMMONS WAY
SUITE 125
COLUMBUS OH 43219

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV20937464 | D1 CM | 42607155 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

MARY E. SINGER      **PLAINTIFF**
VS
POTBELLY SANDWICH WORKS, LLC ET AL    **DEFENDANT**

## SUMMONS

POTBELLY SANDWICH WORKS, LLC
C/O CT CORPORATION SYSTEM AGENT
4400 EASTON COMMONS WAY
SUITE 125

COLUMBUS OH 43219

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

NANCY E GRIM
247 N WATER ST STE B

KENT, OH 44240-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOSEPH D RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Sep 22, 2020 |

By_____
Deputy

COMPLAINT FILED   09/18/2020



CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
September 18, 2020 16:13

By: NANCY E. GRIM 0014376

Confirmation Nbr. 2076440

MARY E. SINGER

vs.

POTBELLY SANDWICH WORKS, LLC ET AL

CV 20 937464

**Judge:**  JOSEPH D. RUSSO

Pages Filed:  14

COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

MARY E. SINGER
c/o Law Office of Nancy Grim
247 N. Water Street, Suite B
Kent, OH 44240

       Plaintiff

-vs-

POTBELLY SANDWICH WORKS, LLC
C/o Agent CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus OH 43219

JERRY THIBODEAU
Market Manager
Potbelly Sandwich Works, LLC
111 N Canal St
Chicago, Il 60606

       Defendants

CASE NO.

JUDGE

COMPLAINT

Type:  OTHER TORT - Misc. Tort
       Disability Discrimination

With Jury Demand

## INTRODUCTION

1.     Plaintiff Mary E. Singer ("Singer") brings this case under O.R.C. Chapter 4112

and the Americans with Disabilities Act, 42 U.S.C. §§12101 et seq. to redress damages caused

by the wrongful termination of her employment on a false claim of alleged "misappropriation of

funds," when the real reason was discrimination because of disability, including failure to make

reasonable accommodations of her disability and retaliation.

## PARTIES, JURISDICTION, VENUE

2.     Plaintiff Singer is a resident of Brewster in Stark County, Ohio.

3.      Plaintiff Singer was employed by Defendant, Potbelly Sandwich Works, LLC from March 17, 2014 to February 6, 2019.

4.      Plaintiff Singer was assigned to the Cleveland Airport Potbelly Sandwich Shop in Cuyahoga County, Ohio at all times relevant to this Complaint.

5.      Defendant Potbelly Sandwich Works, LLC ("Potbelly") is a corporation with headquarters in Chicago, Illinois, and with locations in the State of Ohio, including Cuyahoga County.

6.      Defendant Potbelly is an employer as defined by O.R.C. §4112.01(A)(2) and the Americans with Disabilities Act, 42 U.S.C. §12111(5).

7.      Plaintiff Singer is a person as defined by O.R.C. §4112.01(A)(1), and was, at all relevant times, an employee of Defendant Potbelly as defined by O.R.C. §4112.01(A)(3) and 42 U.S.C. §12111(4).

8.      Defendant Jerry Thibodeau ("Thibodeau") was, during all times relevant to this Complaint, a Market Manager of Defendant Potbelly, senior to Singer, and based in the Chicago headquarters of Potbelly.

9.      Defendant Thibodeau is a person as defined by O.R.C. §4112.01(A)(1).

10.     Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 532-2020-00501, and the EEOC issued a finding of reasonable cause on May 26, 2020. Further, the EEOC issued a Notice of Right to Sue dated June 23, 2020, which was received by Plaintiff on June 30, 2020. (Copies Attached.) This Complaint is filed within 90 days from receipt of the Notice of Right to Sue.

# FACTS

11.     Plaintiff Singer was employed by Potbelly from March 17, 2014 to February 6, 2019.

12.     Potbelly promoted Singer to General Manager at the Cleveland Airport Potbelly Sandwich Shop in October 2016, and to General Manager Training Leader in February 2017. In or about September 2018, Singer began training for District Manager.

13.     As General Manager, Singer's direct supervisor was a District Manager ("DM"), who reported to a Market Manager ("MM").

14.     In about July 2018, Singer disclosed to her DM, Michael Clark, that she was diagnosed with a chronic disease. In early December 2018, Singer disclosed her chronic health condition to subsequent DM Michael Owens and to the Market Manager, Defendant Thibodeau.

15.     Singer's chronic health condition is a physical condition which substantially limits one or more major life activities, but which did not prevent Singer from performing the essential functions of her job as General Manager, nor the job of District Manager for which she was training.

16.     From September through November 2018, Singer voluntarily assisted DM Clark with support for a problem store in Champaign, IL. This support included road trips of over seven hours each way. DM Clark assured Singer that this work was voluntary and temporary, and that she could end this work whenever she felt it had become too much. Clark also promised to advance the cost of the travel and hotel for the trips to Champaign.

17.     DM Clark left Potbelly at the end of November 2018.

18.     After Clark left Potbelly, Michael Owens became the DM for the Ohio stores and the supervisor of Singer. However, DM Owens did not take on the extra Illinois duties that had been handled by DM Clark with Singer's assistance.

19.     On or about December 4, 2018, Singer told MM Thibodeau about her chronic health condition, and explained that the long trips were harming her health, that she needed to stop the trips soon, and that DM Clark had promised that she could end the Champaign trips when it became a problem for her.

20.     Defendant Thibodeau acknowledged Singer's concerns, but also asked Singer to continue and increase the frequency of her trips to Champaign, until he got a new DM on board for central Illinois, which he said would happen during December 2018.

21.     From early December 2018 through January 2019, MM Thibodeau repeatedly postponed the end of Singer's trips to Champaign, to the end of December, then early January 2019, then the end of January, while Singer reminded MM Thibodeau that this travel was becoming more difficult and was contrary to her physician's advice.

22.     During January, Singer told Thibodeau that her physician insisted that she must stop the long trips by the end of January, and that her January 25-26 trip to Champaign would be her last trip.

23.     In mid-January 2019, Defendant Thibodeau told Singer that he expected to promote her to District Manager in early March, if she agreed to relocate to Indiana. He said a DM must live within an hour of all of the shops in the district. Singer agreed, saying that she would relocate for a promotion.

24.     In late January 2019, Singer reminded Thibodeau that January 25-26 would be her final trip to Champaign, as it was too hard on her health. Thibodeau told her he would bring the new DM to meet Singer in Champaign, but he changed that plan before she left Ohio.

25.     On January 26, 2019, Singer phoned the new central Illinois DM as she was leaving Champaign. The new DM expressed surprise and concern when she said that she would not be back to Champaign, saying he was told something different.

26.     On Monday, January 28, Singer reminded Defendant Thibodeau that she had just completed her last trip to Champaign, and that this was necessary because of her health. She also said that she was willing to continue to support the Champaign store from Ohio.

27.     On Thursday, January 31, Loss Prevention staff called Singer at the Cleveland Airport restaurant, and put her on suspension pending investigation of an allegation of misappropriation of funds.

28.     The allegation of misappropriation was demonstrably false. The assertion concerned money allegedly "missing" from the store safes in Champaign and Cleveland. There was no money missing from the store safes, because Singer documented all transactions through multiple procedures, including receipts, expense reports, cash register reports, and Red Book records for deposits and withdrawals from the store safes, and she instructed local managers to do the same.

29.     The Champaign store records were intact as of January 26, Singer's last day in Champaign. The Cleveland Airport store records were intact as of January 31, when Singer was called by Loss Prevention. Potbelly has not shown Singer any records from either store to support the allegations of misappropriation.

30.     On February 6, 2019 Singer was told she was terminated.

31.     No question was raised about Singer's financial management until she insisted that she would stop making trips to Champaign.

32.     The rigorous long-distance travel schedule was not an essential function of the job of General Manager, nor for the District Manager job for which Singer was training.

33.     The accusation of misconduct was a response to Singer's insistence that she would not continue the extraordinary long-distance travel which was harming her health.

## FIRST CLAIM: Employer Liability for Disability Discrimination and Retaliation, Ohio Civil Rights Act, O.R.C. §§4112.02(A), 4112.02(I) and 4112.99.

34.     Plaintiff incorporates all prior allegations here.

35.     Plaintiff Singer is a person with a disability as defined by R.C. §§4112.01(A)(13).

36.     Defendant Potbelly discriminated against Singer based on disability in violation of O.R.C. §4112.02(A), by declining to provide a reasonable accommodation, continuously from December 2018 to February 2019, by insisting that Singer continue to make long overnight trips to Champaign, Illinois after she informed MM Thibodeau that the travel was injuring her health.

37.     The false charge of misappropriation and subsequent discharge of Singer amounted to further discrimination based on disability, as well as retaliation for Singer's insistence on upon implementing the accommodation, in violation of .R.C. §§4112.02(A), and 4112.02(I).

38.     As a result of the unlawful discriminatory practices by Defendant Potbelly, Plaintiff Singer has suffered loss of wages and benefits, damage to her career, and other economic damages, as well as pain and suffering, including severe emotional distress, physical injury, loss of self-esteem, insult, embarrassment, and other damages to be shown at trial.

39.  Defendant Potbelly acted with malice and/or reckless indifference to the protected rights of Plaintiff and others, for which Defendant Potbelly is liable for punitive damages.

## SECOND CLAIM: Individual Liability, Ohio Civil Rights Act, R.C. §§4112.02(I), 4112.02(J) and 4112.99.

40.  Plaintiff incorporates all previous allegations here.

41.  Defendant Thibodeau is a person within the meaning of O.R.C. §4112.02(I) and/or §4112.02(J).

42.  Defendant Thibodeau directly or indirectly engaged in acts which are unlawful discriminatory practices, including denial of reasonable accommodations for Singer's disability, causing the discharge of Singer because of her disability, and retaliation against Singer for her insistence upon accommodation of her disability, and also aided and abetted the unlawful discriminatory acts of Defendant Potbelly, all in violation of O.R.C. §4112.02(J).

43.  Defendant Thibodeau discriminated against Plaintiff Singer because she resisted his refusal to accommodate her disability, in violation of O.R.C. §4112.02(I).

44.  As a result of the unlawful discriminatory practices by Defendant Thibodeau, Plaintiff Singer has suffered loss of wages and benefits, damage to her career, and other economic damages, as well as pain and suffering, including severe emotional distress, physical injury, loss of self-esteem, insult, embarrassment, and other damages to be shown at trial.

45.  Defendant Thibodeau acted with malice and/or reckless indifference to the protected rights of Plaintiff and others, for which Defendant Thibodeau is liable for punitive damages.

## THIRD CLAIM: Employer Liability for Disability Discrimination and Retaliation, Americans with Disabilities Act, 42 U.S.C. §§12101 *et seq.*

46.  Plaintiff incorporates all prior allegations here.

47.    Plaintiff Singer is a qualified person with a disability within the meaning of 42 U.S.C. §§12101, *et seq.*

48.    Defendant Potbelly discriminated against Singer based on disability in violation of 42 U.S.C. §§12101, *et seq.* by declining to provide a reasonable accommodation, by discharge because of disability, and by retaliation against Singer for her insistence upon her right to reasonable accommodation.

49.    As a result of the unlawful discriminatory practices by Defendant Potbelly, Plaintiff Singer has suffered loss of wages and benefits, damage to her career, and other economic damages, as well as pain and suffering, including severe emotional distress, physical injury, loss of self-esteem, insult, embarrassment, and other damages to be shown at trial.

50.    Defendant Potbelly acted with malice and/or reckless indifference to the protected rights of Plaintiff and others, for which Defendant Potbelly is liable for punitive damages.

WHEREFORE, Plaintiff prays that the Court order judgment for Plaintiff and against Defendants on all claims, with appropriate remedies, to include:

A.    Equitable relief of reinstatement of Plaintiff to the same or comparable position with the same compensation, benefits and rights as Plaintiff would have at the time of reinstatement as if she had been continuously employed with timely promotion to District Manager.

B.    Compensation for all pay and benefits lost during the period prior to full reinstatement, with interest.

C.    Future wages and benefits if Plaintiff is not reinstated;

D.    Compensatory damages of more than Twenty-Five Thousand Dollars ($25,000).

E.    Punitive damages of more than Twenty-Five Thousand Dollars ($25,000).

F.    Reasonable Attorney Fees, litigation expenses, and costs, pursuant to 42 U.S.C.A. § 12205 and/or pursuant to a finding of punitive damages.

G.    Such other relief as the Court may deem just and equitable.

**JURY DEMAND**:  Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Counsel for Plaintiff:

*s/ Nancy Grim*

NANCY GRIM (0014376)
Nancy Grim, LLC
247 N. Water Street, Suite B
Kent, OH 44240
330-678-6595 / Fax 870-270-7608
nancy.grim@nancygrimlaw.net



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Cleveland Field Office

**Exhibit 1**

AJC Federal Building
1240 East Ninth Street, Suite 3001
Cleveland, OH  44199
ASL Video Phone 1-844-234-5122
Telephone:  (216) 522-2001
FAX (216) 522-7395
Website:  www.eeoc.gov

Charge No.  532-2020-00501

Mary Singer
139 Huron Street NE
Brewster, Ohio 44613                                    Charging Party

Potbelly Sandwich Works, LLC
111 North Canal Street
Chicago, Illinois 60606                                  Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under the Americans with Disabilities Act of 1990, as amended (ADA).  All requirements for coverage have been met.

Charging Party was hired in March 2014 and was repeatedly promoted throughout her employment.  Charging Party contends during her employment she informed various Respondent officials of her disability.  She asserts that her medical issues did not interfere with her ability to perform the essential functions of her General Manager position in Cleveland or her planned promotion to District Manager.  Charging Party contends in early December 2018, she requested a reasonable accommodation for her disability, to no longer travel from northeast Ohio to Champaign Illinois, which she asserts was not an essential function of her position but one which she had performed voluntarily. Charging Party contends that management rejected her request and instead increased the frequency of the trips.  Charging Party contends that three days after notifying Respondent that she no longer would travel, Respondent accused her of financial malfeasance, and discharged her in February 2019 while she was training to be District Manager.

Respondent contends Charging Party's employment was terminated because she took money without authorization from her supervisors.  Respondent also contends that it could not have engaged in retaliatory conduct as she had not engaged in protected activity.

The evidence supports Charging Party has a disability of which Respondent was aware, she sought a reasonable accommodation which would have enabled her to perform the essential functions of her position, and Respondent not only failed to provide the accommodation but discharged Charging Party in response to her request for the accommodation.  Furthermore, the evidence supports that after Charging Party made clear to Respondent that she needed the accommodation, Respondent falsely accused her of wrongdoing, and ultimately terminated her employment.

Therefore, I find there is reasonable cause to believe that Charging Party was discriminated against due to her disability by Respondent's refusal to grant her a reasonable accommodation and was terminated because of her disability and in retaliation for her protected activity in violation of the ADA.

Upon finding reasonable cause that unlawful employment practices have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Conciliation is Respondent's opportunity to voluntarily remedy the unlawful employment practices found to have occurred. Ultimately, any conciliation agreement must be acceptable to the Commission. The Respondent will be contacted by a Commission representative to discuss conciliation.

If Respondent fails to engage in conciliation, or if the Commission determines, in its sole discretion, that conciliation has failed, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

The confidentiality provisions and the Commission Regulations apply to information obtained during conciliation.

On Behalf of the Commission:

*Dana R. Hutter*

May 26, 2020

Date

Dana R. Hutter
Deputy District Director

cc: Nancy Grim, Attorney at Law
Law Offices of Nancy Grim
247 North Water Street
Suite B
Kent, Ohio 44240
Nancy.grim@nancygrimlaw.net

cc: Brian K. Jackson
Laner Muchin, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60654
bjackson@lanermuchin.com

EEOC Form 161-A (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

| | |
|---|---|
| | **Exhibit 2** |

## NOTICE OF RIGHT TO SUE
### *(CONCILIATION FAILURE)*

| | |
|---|---|
| To:  Mary Singer<br>139 Huron St NE.<br>Brewster, OH 44613 | From:  **Cleveland Field Office**<br>**EEOC, AJC Fed Bldg**<br>**1240 E 9th St, Ste 3001**<br>**Cleveland, OH 44199** |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **532-2020-00501** | **Sabrina R. Shifman,**<br>**Investigator** | **(216) 522-7680** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge.  The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you.  In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case.  This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R. Hutter*                                                June 23, 2020

| | | |
|---|---|---|
| Enclosures(s) | **Dana R. Hutter,**<br>**Deputy Director** | *(Date Mailed)* |

cc:

Brian K. Jackson, Attorney at Law
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, IL 60654

Nancy Grim, Attorney at Law
LAW OFFICE OF NANCY GRIM, NANCY GRIM, LLC
247 N. Water Street - Suite B
Kent, OH 44240

JUN 3 0 2020

Enclosure with EEOC
Form 161-A (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

Electronically Filed 09/18/2020 16:13 / / CV 20 937464 / Confirmation Nbr. 2076440 / CLAJB
***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended; effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix,           and           other           ADA           related           publications,           available           at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"**  now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.